UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PATTY A. RAGAS,               )
                              )
            Plaintiff,        )
                              )
       vs.                    )    No. 1:14-cv-01182-TWP-DKL
                              )
CAROLYN W. COLVIN,            )
                              )
            Defendant.        )

**REPORT AND RECOMMENDATION**

Plaintiff Patty A. Ragas ("Ragas") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Ragas' applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Honorable Tanya W. Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 25.] For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND

### A. Procedural History

Ragas filed applications for DIB and SSI on January 2, 2013, alleging an onset of disability of January 1, 2011. [Dkt. 12-2 at 17.] Ragas' applications were denied initially on February 7, 2013, and upon reconsideration on May 31, 2013. *Id.* Ragas requested a

hearing, which was held before Administrative Law Judge Albert J. Velasquez ("ALJ") on November 18, 2013. The ALJ found Ragas was not disabled in a decision dated December 3, 2013. *Id*. at 15. The Appeals Council denied Ragas' request for review of the ALJ's decision on May 15, 2014, making the ALJ's decision final for purposes of judicial review. [Dkt. 12-2 at 2.] Ragas filed her Complaint with this Court on July 15, 2014. [Dkt. 1.]

### B. Factual Background and Medical History

Ragas was born on November 22, 1968, and was 44 years old at the time of the hearing. She has an associate's degree and consistently worked until July 2010. Ragas has held several legal assistant positions for both law firms and government agencies. She resigned from her position as a legal assistant for the Department of Defense in July 2010. At the hearing in November 2013, Ragas testified that she returned to work in July and had been working full-time as a temporary legal assistant for the Madison County Department of Child Services. The employment had not disqualified her from benefits as she had not yet worked six months. Ragas expressed concern at the hearing that she was going to lose her current job because she was missing too much work due to sickness and anxiety.

The ALJ found Ragas suffers from the severe impairments of diabetes mellitus – type 2 with associated neuropathy; hypothyroidism; obstructive sleep apnea; osteoarthritis in the knees; fecal and urinary incontinence by history; a recent episode of pituitary hemorrhage; and depression and social phobia. As Ragas and the ALJ

thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Ragas requests review.

## II.     LEGAL STANDARDS

### A.     Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

>    Step One:    Is the claimant currently employed;
>
>    Step Two:    Does the claimant have a severe impairment or combination of impairments;
>    Step Three:  Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
>    Step Four:   Can the claimant perform his past relevant work; and
>    Step Five:   Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c)(2).

3

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

### III.  DISCUSSION

Ragas claims the ALJ committed various errors that require reversal of the Commissioner's decision.  Specifically, Ragas contends the ALJ erred when he:  (1) found Ragas was not totally disabled due to major depressive disorder and anxiety disorder; (2) failed to summon a medical advisor to determine whether Ragas' mental impairments medically equaled Listing 12.04 or 12.06; (3) failed to account for the impact of Ragas' combined mental impairments at Step Five.

**A. Listing 12.04 (Affective Disorders) and 12.06 (Anxiety-related Disorders)**

Ragas first argues that the ALJ's denial decision was in error because "substantial psychological evidence" established that her depression, anxiety and panic disorder rendered her totally disabled. [Dkt. 17 at 10.] In support of this argument, Ragas asserts the ALJ only "selectively considered" psychological records from Gallahue Mental Health Services during a two-week period of time in 2010.  Ragas explains that the ALJ cited certain exhibits, but ignored "all of its findings which proved her disability."  *Id*. at 11.

The ALJ must consider all evidence in the administrative record, including evidence that pre-dates the alleged onset of disability date. *See Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008).  The ALJ in this case examined the Gallahue records and concluded they failed to support Ragas' claim.  The ALJ states: "A careful review of the record shows that the claimant was seen at the Gallahue clinic for less than a month, from February 19, 2010 to March 10, 2010 – well before the date she alleges she became

disabled. Clinic notes indicate that she did respond to treatment, and planned to continue. However, she had to withdraw because she said she could not afford it." [Dkt. 12-2 at 29.] The ALJ continued this analysis, noting that there was no evidence that Ragas explored other avenues of mental health treatment and was not taking any psychotropic drugs.

Ragas also asserts the ALJ only "selectively considered" a February 5, 2013, Psychological Evaluation by Dr. Keris and "ignored" her diagnoses of major depression and social phobia. The Court disagrees. The ALJ dedicated several paragraphs of his opinion to Dr. Keris' report and recognized that Ragas was diagnosed with depression and social phobia, thereby meeting the Paragraph A criteria of Listings 12.04 and 12.06. The ALJ then analyzed the Paragraph B criteria and noted Ragas' ability to maintain skilled employment without accommodations and only minor limitations on her activities of daily living. This evidence, together with modest clinical findings and treatment, supports the ALJ's conclusion that Ragas did not meet the Paragraph B criteria.

Ragas identifies no evidence that contradicts this conclusion. Instead, Ragas strings together several disjointed phrases from Seventh Circuit social security decisions without connecting the law to the facts of her case. "This method of argumentation is not argumentation at all .... The Court cannot and will not forge new arguments for [the Claimant]." *Poston v. Astrue,* 2010 WL 987734, at *8 (S.D. Ind. 2010). It is plaintiff's burden to demonstrate that her impairments meet or equal a listing. *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir. 2006). Based upon the medical record as a whole, the ALJ found Ragas' mental impairments did not rise to the level of severity required to be considered

6

"disabled" under Listing 12.04 or 12.06. The Court finds there is substantial evidence to support that conclusion.

### B. Medical Advisor

Ragas next asserts the ALJ was required to summon a medical advisor to testify as to whether her combined mental impairments met or medically equaled Listing 12.04 or 12.06. An ALJ must rely on a medical expert's opinion when finding a claimant does not meet or equal a listed impairment. SSR 96–6p. In some instances, this requires the ALJ to hear additional evidence from a medical examiner. *See Green v. Apfel,* 204 F.3d 780, 781 (7th Cir. 2000) (noting that the ALJ incorrectly made medical conclusions instead of consulting a medical examiner). However, when the medical evidence in the record is sufficient to make a decision, the ALJ may rely on it alone. *Simila v. Astrue,* 573 F.3d 503, 516 (7th Cir. 2009).

Here, the ALJ relied upon the Psychological Evaluation of Dr. Keris, who diagnosed Ragas with depression and social phobia, but did not impose limitations on her ability to work. The state agency psychologist also determined Ragas was not disabled and that she "does retain the ability to perform and complete semi-skilled tasks w/o special considerations or accommodations." [Dkt. 12-3 at 34.] In fact, no medical provider opined that Ragas was unable to perform the work set forth in the ALJ's RFC.

Ragas attempts to rely upon *Barnett v. Barnhart,* 381 F.3d 664 (7th Cir. 2004), but her reliance is misplaced because the ALJ in *Barnett* did not consult a medical expert at all or rely on a signed Disability Determination. *Barnett,* 381 F.3d at 670–71. Instead, the ALJ based his findings on his own layman opinion. *Id.* at 671. By contrast, the ALJ in the

7

present case grounded his findings in medical opinions from psychologists. Accordingly, the Court finds the ALJ did not err in holding a hearing without summoning a medical advisor to testify in this case. The Court finds the record substantially supports the ALJ's determination that Ragas did not meet or medically equal Listing 12.04 or 12.06.

### C. Step Five and RFC

Ragas' final argument for the reversal of the ALJ's decision challenges the ALJ's determination of his Residual Functional Capacity ("RFC"). Specifically, Ragas asserts the ALJ failed to accurately consider the impact of her combined mental impairments. This argument is based upon Ragas' bare contention that her mental impairments met the requirements of Listings 12.04 and 12.06. She asserts no new argument in this section of her brief. As addressed above, there is substantial evidence to support the ALJ's conclusion that Ragas does not meet either listing. Further, no medical provider imposed restrictions upon Ragas' ability to work based upon mental impairments. Therefore, there is no reason to disturb the ALJ's RFC.

### IV. CONCLUSION

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot

8

find a legal basis to overturn the ALJ's determination that Ragas does not qualify for disability benefits, the undersigned Magistrate Judge recommends the Commissioner's decision be **AFFIRMED**.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The parties should not expect extensions of time to file either objections or responses. No replies will be allowed.

Date: 07/01/2015

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov